CAMPBELL v. KRAUSS.

(Circuit Court of Appeals, Third Circuit.    May 10, 1918.)

No. 2352.

1. APPEAL AND ERROR ⊕═231(9)—PRESENTATION OF GROUNDS OF ERROR—SPE-
CIFIC OBJECTIONS—NECESSITY.

In a suit to set aside a preference, based on Bankruptcy Act July 1,
1898, c. 541, § 60b, 30 Stat. 562, as amended by Act June 25, 1910, c. 412,
§ 11, 36 Stat. 842 (Comp. St. 1916, § 9644), providing for the vacation of
preferential transfers, etc., made in four months of bankruptcy, pro-
viding the person receiving same, etc., shall then have reasonable cause to
believe that the transfer would effect a preference, the failure of the
trial court to use the word "reasonable" in connection with the statutory
definition, while erroneous, furnishes no ground for complaint on appeal,
where the objection to the court's charge was general, and did not point
out the omission, which would otherwise have been corrected, as rule 10
(224 Fed. vii, 137 C. C. A. vii) requires objections to the charge to be
specific and not general.

2. TRIAL ⊕═217—INSTRUCTIONS—PROPRIETY.

Where the court, in connection with a charge cautioning the jury to
stick to the real issue in the case, used the phrase "to draw a red
herring across the trail," but there was nothing to show that the phrase
was directed against defendant any more than against plaintiff, defend-
ant cannot complain of the use of the phrase.

In Error to the District Court of the United States for the Eastern
District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Sidney L. Krauss, as trustee in bankruptcy, against Wil-
liam J. Campbell.  There was a judgment for the trustee, and defend-
ant brings error.  Affirmed.

William B. Linn, J. F. Shrader, and H. B. Gill, all of Philadelphia,
Pa., for plaintiff in error.

James S. Rogers, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit
Judges.

BUFFINGTON, Circuit Judge.  In the court below Krauss, trustee
in bankruptcy of Mrs. Minnie Glatterer, recovered a verdict against
William J. Campbell, for the amount of an alleged preferential pay-
ment made by the bankrupt to the latter within the four months pre-
ceding bankruptcy.  On entry of judgment on such verdict Campbell
sued out this writ.

[1] The suit was based on clause "b," section 60, of the Bankruptcy
Act, which as amended June 25, 1910, provides:

"b. If a bankrupt shall have procured or suffered a judgment to be entered
against him in favor of any person or have made a transfer of any of his
property, and if, at the time of the transfer, or of the entry of the judgment,
or of the recording or registering of the transfer if by law recording or regis-
tering thereof is required, and being within four months before the filing of
the petition in bankruptcy or after the filing thereof and before the adjudica-
tion, the bankrupt be insolvent and the judgment or transfer then operate
as a preference, and the person receiving it or to be benefited thereby, or his

⊕═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Under four of the five assignments of error it is now contended the cause should be reversed because the court in its charge omitted to use the word "reasonable" in connection with cause, in other words, to use the words of the statute quoted, viz. "shall have had reasonable cause to believe." Of the propriety of employing on its own motion the statutory language of "reasonable cause," the court itself was well aware; its opinion on the motion for a new trial showing that the omission was an inadvertence and disclosing the court's surprise upon discovering it. Of the obligation of the court to quote the statutory language, if requested by counsel, there can be no question. But assuming, as we do, the court's duty to follow the words of the statute, and the litigant's right to compel it to do so by timely and proper request, are we now, in view of the atmosphere of the trial, compelled to reverse this case, which has already been tried once before, and send it back for a new trial by reason of the court's omission to use the word "reasonable" in connection with cause? After an examination of the record we hold we are not. That record shows all the proofs the defendant produced were received; those proofs were fully discussed, and the cause was submitted to the jury so fully and fairly in the charge that, with the exception of the omission of the word "reasonable" and the use by the court of an illustration, no complaint was made to such charge. At the conclusion of the charge the counsel for defendant took an exception, as follows:

"I except, if the court please, to the definition of the cause as your honor described it in the charge."

What was meant by this exception? What was said, or omitted to be said, by the judge? What had counsel in view? If it was the omission of the word "reasonable," which is now complained of, why was the omission not then and there called to the attention of the court? If it had been, the omission would undoubtedly have been rectified. And the fact that the attention of the court was not then and there called to the omission shows that, if noticed, the omission was not regarded as material and important, or, if not noticed, the omission was of such inconsequential moment as not to then challenge attention. That in point of fact the exception was of a general, abstract nature, and not a specific objection to the omission of the statutory word "reasonable," "reasonable cause" is indicated by the fact that when the assignment of error was drawn counsel quoted almost six pages of the court's charge as the basis of its exception, viz. "to the definition of cause as your honor described it in the charge." An examination of these six pages shows so wide a range of discussion and such various phases of the testimony as to constitute a correspondingly wide field of possible objection. But that is precisely the situation to which our rule 10 (224 Fed. vii, 137 C. C. A. vii) is addressed,

which requires that "exceptions to the charge * * * shall be specific and not general."

It suffices to say that the exception in this case was not specific, it did not call the attention of the judge to the omission now complained of, and to reverse this case now would be a reversal for that which the defendant could have had righted, had he called attention to the desired correction, but which he evidently did not then regard as of sufficient importance to specifically call to the attention of the court as our rule requires. We are not inclined to countenance a departure from this rule by either court or counsel. It forbids general exceptions, and courts should decline to allow exceptions of that nature, but should insist that, if exceptions are allowed, they should, as the rule provides, be specific. Such specifications challenge the attention of the court and give it an opportunity to at once correct those omissions, misstatements, and missteps which naturally occur in charges. Such particularity of exception also insures the atmosphere of the trial in reference to alleged error will be grasped by an appellate court, for it is quite clear that, if the trial judge insists on a specific statement of error, that specific ground and that specific error will alone be reviewed by the appellate court. On the other hand, a general and nonspecific exception makes it possible for an appellate court to be led to inadvertently reverse a case on a question which was not raised or decided in the court below.

[2] Little need be added as to the remaining assignment, which complains of the court's use of the phrase "to draw a red herring across the trail." Read in its context, it is not clear that this was addressed to the defendant, his witnesses, or his theory of the case. It applied equally to plaintiff and defendant, and was used simply, as the court stated, to caution the jury to stick to the real issue in the case, or, as the trial judge put it:

"Now I don't mean to imply that there has been resort to any effort of that kind by anybody in this case, but I emphasize it to illustrate the importance of your keeping your minds right down to the one question in this case to which I have called your attention, because as you decide that so should your verdict be."

Finding no error in the record, the judgment below is affirmed.